IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**NATHAN WAYNE SMITH,**

    **Plaintiff,**

v.                                    **CIVIL ACTION NO.: 3:23-CV-111**
                                           **(GROH)**

**RN WEAVER,**

    **Defendant.**

## AMENDED REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On April 28, 2023, the *pro se* Plaintiff filed a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). ECF No. 1.[1] The Plaintiff was previously[2] an inmate at FCI Gilmer in the Northern District of West Virginia, where he contends his civil rights were violated.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice because it was filed outside the statute of limitations, and further because it is barred by statute based on a prior adjudication in a related Federal Tort Claims Act ("FTCA") filed in this district.

---

[1] All ECF number cited herein are in 3:23-CV-111, unless otherwise noted.

[2] The Plaintiff was released from incarceration on November 2, 2022.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Plaintiff's Complaint

Although the Plaintiff's complaint articulates five grounds[3] for relief, he essentially asserts that: (1) RN Weaver "failed to respond to a medical emergency" ECF No. 1 at 12; (2) RN Weaver made false statements in a declaration filed with the Court in another proceeding; and (3) RN Weaver provided substandard care on March 18, 2019.

Specifically, the Plaintiff contends that on March 18, 2019, he was treated at FCI Gilmer Health Services for weakness, at which time RN Weaver reported that the Plaintiff's blood pressure was "really high." ECF No. 1 at 9 – 10. The Plaintiff states that he was taken to the hospital by ambulance. Id. at 11. The Plaintiff claims that he was given an IV of unknown fluid during the ambulance ride, and another IV was administered at the hospital, where he stayed overnight. Id. at 11. Further the Plaintiff contends that he "must have suffered a 'serious medical need,' that is one that has been diagnosed by a PA as mandating treatment or one that is so obvious . . . that even a lay person would easily recognize the necessity for a [doctor's] attention." Id.

The Plaintiff asserts that ever since March 18, 2019, the "right side of his body has been numb" causing him to be "uncoordinated and slower," that he has a shorter memory, his right leg and foot throb sporadically. Id. at 13. Further, the Plaintiff contends that his physical injuries caused him to lose one job, and his need for medical treatment caused

---

[3] In the space provided for his claims, the Plaintiff asserts that: (1) he wants to consolidate in this proceeding two previously closed actions, 3:19-CV-179, and 5:22-CV-42 [ECF No. 1 at 7]; (2) RN Weaver failed to respond to a medical emergency reported by CO V. Price [ECF No. 1 at 12]; (3) a declaration by a paralegal which was filed as an exhibit in case number 3:19-CV-179, ECF No. 45-2, contained false information [ECF No. 1 at 12]; (4) a declaration by RN Weaver which was filed as an exhibit in case number 3:19-CV-179, ECF No. 45-5, contained false statements [ECF No. 1 at 12–13]; and (5) institutional electronic surveillance from FCI Gilmer on March 18, 2019, will show that RN Weaver had contact with the Plaintiff on that date [ECF No. 1 at 13].

him to lose a second job. Id. For relief, the Plaintiff requests that the Court grant him compensatory damages of $500,000.00, and $1,500,000.00 in punitive damages, plus court costs. Id.

### B. Prior FTCA Litigation[4]

Previously, the Plaintiff filed a Federal Tort Claims Act ("FTCA") action in this district regarding the same claims which he raises here. That action, 3:19-CV-179, asserted that he was denied emergency medical care on March 18, 2019. ECF No. 7 at 6–7. Further, he contended that RN Weaver was the individual who refused to provide emergency treatment at FCI Gilmer. Id. at 6. The Plaintiff also alleged that as a result of his denial of care he suffered memory loss and numbness to the right side of his body. Id. at 9.

A Report and Recommendation was filed on November 15, 2021, which recommended the FTCA action be dismissed with prejudice for failure to state a claim upon which relief may be granted, and that Defendant RN Weaver be dismissed with prejudice because he is an improper party to an FTCA suit. ECF No. 75 at 12. The Report and Recommendation was adopted by the District Court on February 24, 2022. ECF No. 91. The District Court's decision was affirmed by the Fourth Circuit in an unpublished per curiam opinion on July 1, 2022. ECF No. 108.

### III. LEGAL STANDARD

### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines

---

[4] All ECF references contained in section II.B. refer to N.D.W.Va. case number 3:19-CV-179, unless otherwise noted.

v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

"While the courts liberally construe *pro se* pleadings as a matter of course . . ., judges are not also required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417- 18 (7th Cir. 1993) (quoting Haines v. Kerner).

### B.  Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Malesko, 534 U.S. at 70. The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[6] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

---

[6] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

## IV.     ANALYSIS

### A.     Plaintiff's Claims are Barred by the Statute of Limitations

In this, the Plaintiff's third cause of action premised on the same facts and alleged injuries, his claims concern an incident which occurred more than four years before he filed this action. For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." Wilson v. Garcia, 472 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions. Because Bivens is the federal equivalent to an action under § 1983, federal courts have consistently extended the state general personal injury statute of limitations to Bivens cases, as well as § 1983 claims. See, e.g. Chin v. Bowen, 833 F.2d 21, 23-24 (2nd Cir. 1987). In fact, the Fourth Circuit Court of Appeals has determined that West Virginia's two-year personal injury statute of limitations contained at W.Va. Code § 55-2-12(b) is appropriately applied in Bivens actions. See Reinhold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

The Plaintiff's complaint asserts that while he was incarcerated in FCI Gilmer he received inadequate medical care from RN Weaver on March 18, 2019. Therefore, he had two years, or until March 18, 2020, to file his lawsuit. However, this Court did not

6

receive the initial complaint until April 28, 2023. ECF No. 1. The complaint was dated April 25, 2023, and the envelope in which the plaintiff mailed his complaint was postmarked on April 26, 2023. ECF Nos. 1 at 14, 1-1.

Although it is possible that the statute of limitations was tolled by a delay in the decision of an administrative remedy about the claim, the Plaintiff still fails to comply with the statute of limitations. The Plaintiff filed an administrative remedy in Tort Claim number TRT-MXR-2019-05336, however, the final denial of that claim occurred on August 30, 2019. ECF No. 1 at 8. The Plaintiff did not file this action within two years after the date of mailing, or notice of final denial of his claim.

In this case, the Plaintiff's claims are clearly outside the applicable two-year statute of limitations. The complaint clearly states that the plaintiff's rights were alleged to have been violated at the time he was incarcerated at FCI Gilmer on March 18, 2019. ECF No. 1 at 12. The Plaintiff further asserts that after being transported to a hospital on March 18, 2019, he was kept overnight and released on March 19, 2019. Id. Because more than two years elapsed after the Plaintiff's alleged injuries or final denial of his administrative tort claim, but before the Plaintiff filed suit, it is clear that the Plaintiff's claims, regardless of any merit, are barred by the two-year statute of limitations.[7]

---

[7] Plaintiff's complaint and attachments do not address the statute of limitations, including any discussion of whether the statute bars his claims, or should be tolled to permit him to pursue his claims. Further, the Court notes that Plaintiff does not describe any continuing violation of his rights with this district which might constitute a continuing tort which would toll the statute of limitations. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018).

**B. The Plaintiff's Claims are Barred by the Doctrines of Res Judicata and Collateral Estoppel**

Even if this Court were to consider the Plaintiff's claims on the merits, those claims are still barred because the Plaintiff has previously raised the same issues in his prior FTCA case in this district, 3:19-CV-179. There, the Plaintiff asserted that he was denied emergency medical care on March 18, 2019. 3:19-CV-179, ECF No. 7 at 7. Further, the injuries the Plaintiff asserted in that action mirror the injuries he claims here. In that prior action, the Plaintiff claimed that he suffered memory loss, and numbness to the right side of his body. Id. at 9. Here, the Plaintiff contends that RN Weaver denied him emergency medical care on March 18, 2019, and that as a result he suffered memory loss and numbness to the right side of his body. ECF No. 1 at 12–13.

The Federal Tort Claims Act exempts claims such as the Plaintiff raises here. "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. The United States Supreme Court has addressed this issue repeatedly and upheld those judgments. In Simmons v. Himmelreich, the Court held that "once a plaintiff receives a judgment (favorable or not) in an FTCA suit, the bar is triggered, and he generally cannot proceed with a suit against an individual employee based on the same underlying facts." 578 U.S. 621, 625 (2016) (cleaned up). Further, the Supreme Court has found that "at a minimum, this judgment must have been a final judgment on the merits to trigger the bar, given that the 'provision functions in much the same way as the common-law doctrine of claim preclusion.'" Brownback v. King, 592 U.S. 209, 214–15 (2021) (quoting Simmons, 578 U.S. at 630, n. 5.

Here, the Plaintiff has already received a judgment on the merits in an FTCA proceeding which addressed the same action or inaction by the same BOP employee, with the same alleged injuries which he raises again here. That prior FTCA judgment therefore precludes the Plaintiff from obtaining relief here, pursuant to the statutory provision of 28 U.S.C. § 2676. Accordingly, for all of the above reasons, even when considered on the merits, the Plaintiff's claims here fail because he has already received a judgment on the merits in 3:19-CV-179.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 7, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE